IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GENCON ASSOCIATES, INC.,

    Plaintiff,

v.                        CASE NO. 5:04cv281-RH/WCS

DAVID BROWN, et al.,

    Defendants.

_____/

## ORDER DENYING EMERGENCY RELIEF

This matter came on for evidentiary hearing on June 23, 2005, on the emergency motion of cross-claimant Michael Meints for an order freezing, for the duration of this litigation, an appropriate portion of any proceeds that might be received by cross-claim defendants Chris Forehand and David Brown from any sale of the real property at issue.

Any such order entered prior to adjudication of the case on the merits would be, in effect, a preliminary injunction. Entry of a preliminary injunction is governed by a well-established four-factor test, under which the moving party must establish a substantial likelihood of success on the merits, that he or she will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs

whatever damage the proposed injunction may cause the opposing party, and that the injunction would not be adverse to the public interest.  *See, e.g., McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *United States v. Lambert*, 695 F.2d 536 (11th Cir. 1983).  Entry of an order freezing assets pending the outcome of litigation may be appropriate in connection with an underlying claim for imposition of a constructive trust on the assets but is not ordinarily appropriate in connection with a mere claim for damages.  *See, e.g.*, *Castillo v. Vlaminck de Castillo*, 701 So. 2d 1198, 1199 (Fla. 3d DCA 1997) (collecting cases); *Vargas v. Vargas*, 771 So. 2d 594, 595-96 (Fla. 3d DCA 2000).

Under Florida law, a party seeking imposition of a constructive trust must establish his or her claim by clear and convincing evidence.  *See, e.g.*, *Abreu v. Amaro*, 534 So. 2d 771, 772 (Fla. 3d DCA 1988).  On the record now before the court and in light of the requirement for clear and convincing evidence, Mr. Meints has not established a substantial likelihood of success on the merits of his constructive trust claim.  Mr. Meints also has not established that he will suffer irreparable injury unless the injunction issues or that the threatened injury outweighs whatever damage the proposed injunction may cause Messrs. Forehand and Brown.  An order freezing proceeds of any sale therefore will not be entered.

Mr. Meints is, however, entitled to discovery with respect to any sale that might take place.  At the hearing, Messrs. Forehand and Brown agreed to produce

closing documents for any such sale on an expedited basis.

For these reasons and those set forth on the record at substantially greater length at the conclusion of the evidentiary hearing,

IT IS ORDERED:

1. Cross-claimant Michael Meints's motion for an order freezing, for the duration of this litigation, any proceeds that might be received by cross-claim defendants Chris Forehand and David Brown from any sale of the real property at issue (document 47) is DENIED.

2. By the end of the second business day following any sale of the property at issue by Messrs. Forehand and Brown (individually or together with others) or by any entity in which they have an interest, Messrs. Forehand and Brown shall make available to Mr. Meints, through counsel, for inspection and copying, all closing documents with respect to the sale.

SO ORDERED this 28th day of June, 2005.

<u>s/Robert L. Hinkle</u>
Chief United States District Judge